<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KATHY WESLEY, et al., individually and on behalf of all others similarly situated, | : : : : | **Civil Action No. 20-18629-JMV-AME** |
| Plaintiffs, | : : | **OPINION & ORDER** |
| v. | : : : | |
| SAMSUNG ELECTRONICS AMERICA, INC., | : : : | |
| Defendant. | : : : | |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court on plaintiffs' motion to substitute a party, pursuant to Federal Rule of Civil Procedure 25(a), due to the death of named plaintiff Joseph D'Andrea ("D'Andrea") [ECF 61]. Defendant Samsung Electronics America, Inc. ("SEA") opposes the motion. The Court has considered the written submissions and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, the motion is granted.

## I.   BACKGROUND

This consumer fraud and unfair trade practices lawsuit was filed as a putative class action on December 9, 2020, on behalf of a nationwide class of persons who purchased certain cooking appliances manufactured and sold by SEA and allegedly affected by a latent defect in the temperature sensor component. D'Andrea, domiciled in New Jersey when he joined the action, was added as a named plaintiff on March 3, 2021, upon the filing of the First Amended Complaint. The First Amended Complaint asserted the claims of nine named plaintiffs, individually and on behalf of the nationwide class and various subclasses. It alleged, in relevant part, that the Samsung-brand

1

range D'Andrea purchased in February 2018 failed within weeks of purchase as result of its inability to maintain the set temperature. It further alleged SEA refused D'Andrea's requests to repair the range under the product warranty. In the First Amended Complaint, D'Andrea sought relief under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq*., the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*, and common law claims for breach of express warranty, breach of implied warranty, and fraud. Thereafter, SEA filed a motion to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), which was granted in part and denied in part on December 3, 2021. The District Court dismissed the various plaintiffs' claims for common law fraud, the claims under the MMWA, and the claims under their respective state consumer protection statutes. The Court also provided an opportunity to cure deficiencies by granting leave to file an amended complaint within thirty days. However, D'Andrea's claims for breach of express and implied warranty survived the motion to dismiss, as the Court concluded they stated a plausible claim for relief. Pursuant to the December 3, 2021 Order, and a subsequent extension of the time period set therein, plaintiffs filed the currently operative Second Amended Complaint on April 5, 2022.[1] The Second Amended Complaint continues to assert D'Andrea's express and implied warranty claims.

D'Andrea died on January 3, 2022. (Bock Cert., July 8, 2022, ¶ 2 and Ex. A.) His daughter, Danielle D'Andrea, was appointed administrator of his estate on March 1, 2022, by the State of New Jersey, Gloucester County Surrogate Court. (*Id.* ¶ 3 and Ex. B.) On June 28, 2022, plaintiffs filed a Suggestion of Death, pursuant to Rule 25(a)(1), and served it on SEA. (Suggestion of Death, ECF 60.) The Suggestion of Death formally notes D'Andrea's death on the record of this action and advises "plaintiffs intend to file a motion to substitute Mr. Joseph D'Andrea with his estate as a

---

[1] The Court endorsed the parties' joint request to extend the time to file a Second Amended Complaint from January 5, 2022 to April 5, 2022, in view of their decision to engage in voluntary, private mediation. [ECF 46, 47] To avoid unduly delaying the action, a further request for additional time to file the amended pleading was denied. [ECF 49, 50]

plaintiff in this Action." (*Id.*) On July 8, 2022, plaintiffs filed this motion to substitute Danielle D'Andrea, as administrator of the estate of Joseph D'Andrea, as a party plaintiff to continue litigating D'Andrea's warranty claims against SEA.

## II.   DISCUSSION

Motions to substitute parties are governed by Federal Rule of Civil Procedure 25, which in relevant part provides: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party" upon a motion brought by "any party or by the decedent's successor or representative . . . within 90 days of after service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). The Rule was amended in 1963 to liberalize the procedure for filing a motion to substitute and thus avoid the inequity of dismissing a case as to a deceased party if substitution was not carried within a fixed period, previously measured from the time of death. *See* Fed. R. Civ. P. 25, advisory committee note of 1963; *see also In re Baycol Products Litig.*, 616 F.3d 778, 783 (8th Cir. 2010) (citing decisions by other circuit courts, including the Third Circuit, noting purpose of 1963 amendments to Rule 25). The Third Circuit has held Rule 25 should be construed liberally and applied with "flexibility" to permit substitution. *Boggs v. Dravo Corp.*, 532 F. 2d 897, 900 (3d Cir. 1976) (holding district court erred in denying motion to substitute, reasoning that "there is no question but that a timely motion brought by the Administratrix of a deceased party is within the terms of the Rule's operation."). Although the decision to substitute a party lies within a court's discretion, *see McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 836 (3d Cir. 1994), Rule 25 motions to substitute should be "freely granted." *Baycol*, 616 F.2d at 783 (citing Rule 25's advisory committee note of 1963); *see also Cuoco v. Palisades Collection, LLC*, No. 13-5692, 2014 WL 956229, at *3 (D.N.J. Mar. 11, 2014) ("While the trial court does have the discretion to deny the motion, such a denial, without cause, is rare."). Consequently, substitution under Rule 25 should be permitted if the moving party establishes the following: (1) the motion is timely; (2) the deceased party's claims

3

were not extinguished upon death; and (3) the person to be substituted is a proper substitution for the deceased party. *Cuoco*, 2014 WL 956229, at *3.

Here, these three requirements for substitution are clearly satisfied. Plaintiffs timely brought this motion on July 8, 2022, within ninety days of filing and serving the formal suggestion of D'Andrea's death. *Id.* at *6 (noting Rule 25's prescribed time period to file a motion to substitute is not triggered until a formal suggestion of a party's death is filed on the record and served on other parties and non-party successors). Additionally, D'Andrea's breach of express and implied warranty claims were not extinguished upon his death. The New Jersey Survivor's Act gives "a decedent's representatives the right to bring an action for trespass to person or property in the same manner as if the decedent had been living." *Smith v. Whitaker*, 160 N.J. 221, 233 (1991). While SEA argues the Act, by its terms, does not preserve claims based on warranty, the Supreme Court of New Jersey has instructed that the Act must be construed broadly and accordingly held "the Survivor's Act preserves to the decedent's estate any personal cause of action that decedent would have had if he or she had survived." *Id.* at 233-34.[2] Lastly, the administrator of D'Andrea's estate is a proper party to substitute him in this action. *Boggs*, 532 F.2d at 900 (finding estate's administrator was proper party for substitution under Rule 25); *Baycol*, 616 F.3d at 783 ("It is well-established that a decedent's legal representative may substitute as plaintiff for the decedent in a cause of action.").

Nevertheless, SEA argues this motion to substitute cannot be granted because, it maintains, D'Andrea has no active claims in this lawsuit and is therefore not a party who may be substituted. According to SEA, D'Andrea ceased to have any pending claims in this action upon the April 5, 2022 filing of the Second Amended Complaint, which SEA notes was filed three months after

---

[2] While no cited case specifically addresses the survival of warranty claims, the Court is persuaded analogous caselaw concerning contract claims further supports plaintiffs' argument that D'Andrea's claims are not extinguished. Generally, under New Jersey law, "a right of action founded upon contract survives the person entitled in her lifetime to sue, so that the right passes upon death to his personal representative." *Drewen v. Bank of Manhattan Co. of City of New York*, 31 N.J. 110, 118 (1959); *see also* 1 Am. Jur. 2d Abatement, Survival, and Revival § 85 (2005) ("Under the common law, actions based on contracts . . . generally survive the death of either party.").

D'Andrea's death but before a proper party had been substituted in his place, that is, at a time when D'Andrea "ha[d] no legal existence and thus no capacity to sue or maintain a lawsuit." (Opp'n at 1.). Relying on Federal Rule of Civil Procedure 17, which governs capacity to sue or be sued in federal court, and the law of New Jersey, where D'Andrea was domiciled, SEA asserts that, as to the deceased D'Andrea, the Second Amended Complaint is a nullity. *See Repko v. Our Lady of Lourdes Med. Ctr.*, Inc. 464 N.J. Super. 570, 574-75 (App. Div. 2020) (holding that because a dead person cannot sue in New Jersey courts, "the complaint filed in [the deceased's] name by counsel was a nullity."). Moreover, SEA contends, D'Andrea's counsel had no authority to act on his behalf in filing the Second Amended Complaint and assert the factual allegations and legal claims contained therein because an "attorney-client relationship ceases at the time of the party's death." *Elalem v. Chicksaw Nation Indus.*, No. 19cv4891, 2021 WL 960749, at *4 (D.N.J. Mar. 15, 2021).[3]

SEA's primary opposition is focused on the intervening event between D'Andrea's January 3 death and this timely motion to substitute: the April 5, 2022 filing of the Second Amended Complaint. The Court finds that SEA's arguments challenging substitution fall short for several reasons.

First, SEA's reliance on Rule 17 to assert the Second Amended Complaint is a nullity as to D'Andrea is misplaced. It is beyond dispute that Rule 17, and its incorporation by reference of the law of New Jersey, D'Andrea's domicile, limits the capacity to sue to living persons. At the same time, however, there can be no dispute that D'Andrea validly initiated his legal action against SEA, including the breach of warranty claims, when he filed the First Amended Complaint on March 3, 2021. This is not to suggest the suit could therefore continue indefinitely after his death, without a proper substitution. However, the situation presented here, in which a litigant dies while his case is

---

[3] Additionally, SEA notes this motion is procedurally improper for failure to comply with paragraph 4 of this Court's Civil Case Management Order, which generally requires leave of Court before formal motions may be filed. However, the Court relaxes this requirement here, in light of the time constraint imposed by Rule 25 and in the interest of justice.

ongoing, falls within the purview of Rule 25, which provides a mechanism for substitution and sets appropriate parameters, discussed and analyzed above.[4] The distinction between the rules is succinctly but clearly explained as follows: "Rule 17(b) governs who may be sued at the outset of litigation; Rule 25 governs who may be substituted during the litigation." *Ralston v. Garabedian*, No. 19-1539, 2022 WL 1524108, at *4 (E.D. Pa. May 13, 2022).

Second, as to D'Andrea, the Second Amended Complaint merely carried forward the breach of warranty claims he had initiated in the First Amended Complaint and which the District Court expressly permitted to proceed in its December 3, 2021 Opinion and Order denying SEA's Rule 12(b)(6) motion to dismiss. While it is axiomatic that an amended pleading supersedes any previous complaint, *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017), SEA has provided no binding authority for its assertion that the Second Amended Complaint eliminated D'Andrea's viable claims from this multi-plaintiff, putative class action suit simply because it was filed in the time gap between his death and this motion to substitute, that is, at a moment in time in which a proper party had not yet taken his place to expressly authorize the ongoing prosecution of this case. At least one other district court, addressing an analogous scenario in which the defendant died after the lawsuit was initiated and the original complaint dismissed without prejudice, has rejected the argument that the filing of an *amended* complaint, before the deceased party's substitution, rendered the pleading void *ab initio*. *See Moore & Co., P.A. v. Kallop*, No. 17-24181, 2020 WL 13389312, at *1 (S.D. Fla. Jan. 10, 2020) (finding amended complaint filed against the deceased defendant valid and

---

[4] Various cases cited by SEA for the proposition that a lawsuit cannot be maintained in the name of a pre-deceased plaintiff are inapposite, as those decisions pertain to the initiation of a legal action by a deceased plaintiff, not to a plaintiff's death during already ongoing litigation he filed while still alive. *See, e.g., In re Asbestos Prod. Liab. Litig. (No. VI)*, 311 F.R.D. 152, 155-56 (E.D. Pa. 2016) (rejecting attempt to substitute representatives of deceased plaintiffs by way of amended complaint as a nullity because original complaint had been filed in the name of deceased persons and was therefore void *ab initio*); *Repko*, 464 N.J. Super. at 574, 575-76 (holding that amended complaint filed by deceased plaintiff's estate could not relate back to original complaint because the lawsuit was initiated after plaintiff's death and thus the original complaint had no legal effect).

permitting subsequent substitution of the defendant under Rule 25). This Court similarly rejects the argument that the Second Amended Complaint is a nullity as to D'Andrea.[5]

Third, the harsh consequence of SEA's rigid and hyper-technical argument would contravene the flexible treatment to be afforded under Rule 25, which was liberalized to preserve those claims not extinguished by the death of a party. *Boggs*, 532 F.2d at 900 (emphasizing courts should apply Rule 25 "to allow flexibility in substitution of parties."); *see also Moore*, 2020 WL 13389312, at *1 (permitting Rule 25 substitution after original complaint dismissed without prejudice, reasoning plaintiff's claims against deceased defendant were not extinguished because he had been given leave to replead). Such a harsh consequence is particularly unwarranted here, where the sequence of events is due, at least in part, to the strict deadlines set by the Court. Plaintiffs' expeditious filing of the Second Amended Complaint in compliance with the Court's orders of should not defeat a meritorious Rule 25 motion to substitute the administrator of D'Andrea's estate as a party plaintiff.

## III.   CONCLUSION AND ORDER

For the foregoing reasons, this Court finds, in its discretion, that substitution of plaintiff D'Andrea by Danielle D'Andrea, as administrator of D'Andrea's estate, is warranted and appropriate under Rule 25(a). Accordingly,

**IT IS** on this on this 13th day of October 2022,

**ORDERED** that plaintiffs' motion for substitution [ECF 61] is **GRANTED**; and it is further

---

[5] Insofar as SEA asserts D'Andrea's counsel filed the Second Amended Complaint without authority given the termination of their attorney-client relationship upon D'Andrea's death, this concern is obviated by counsel's statement certifying that, prior to his death, D'Andrea had engaged in multiple communications with counsel, in which he "approved facts underlying all allegations pertaining to him that have been asserted in this matter" and "expressed his desire to pursue this action through to its conclusion." Bock Cert., July 25, 2022, at ¶¶ 3-5; *see also Jones v. Miller*, 203 F.2d 131, 134 (3d Cir. 1953) ("Generally speaking, the death of the client terminates the attorney-client relationship. However, a well-recognized exception is the situation in which the client has agreed to have the attorney conduct the litigation to judgment or conclusion.").

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 25, Danielle D'Andrea, as Administrator of the Estate of Joseph J. D'Andrea III, is substituted as a plaintiff in this action in place of Joseph D'Andrea.

                                                /s/ *André M. Espinosa*
                                                ANDRÉ M. ESPINOSA
                                           United States Magistrate Judge